## BÁEZ v. ORSINI.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 5.—Resuelto en abril 4, 1904.

OBLIGACIONES CONDICIONALES—SU EXIGIBILIDAD.—Para que las obligaciones condicionales sean exigibles, es necesario que se cumpla previamente la condición impuesta y mutuamente aceptadas por las partes, ya que de su cumplimiento depende la adquisición de los derechos de las mismas.

. ID.—PRUEBAS.—La prueba de las obligaciones incumbe al que reclama su cumplimiento, y si el actor no probare su causa, el demandado debe ser absuelto.

### EXPOSICIÓN DEL CASO.

En los autos del juicio declarativo seguido en el Tribunal de Distrito de Mayagüez en cobro de pesos, entre partes de la una como demandante Doña Rosa Báez, viuda de Morín, mayor de edad y vecina de aquella ciudad, representada y dirigida en esta superioridad, primero por el abogado Don Pascasio Fajardo y Cardona, y después por el de la misma clase Don Manuel F. Rossy y Calderón, y de la otra, como demandado, Don Andrés Orsini y Santini, también mayor de edad, casado y del mismo vecindario, representado y dirigido por el Abogado Don José de Diego y Martínez autos pendientes ante nos a virtud del recurso de casación por infracción de ley, hoy de apelación, interpuesto por la demandante contra la sentencia pronunciada por el referido tribunal de distrito, que copiada a la letra dice así:

"*Sentencia.* En la ciudad de Mayagüez a 1 de diciembre (*) de 1902. *Visto* en juicio oral y público este pleito declarativo seguido ante este tribunal entre partes de la una como demandante Doña Rosa Báez, viuda de Morín, mayor de edad y vecina de esta ciudad, a quien representa y dirige el Letrado Don Pascasio Fajardo; y de la otra como demandado Don Andrés Orsini y Santini, mayor de edad, casado, doctor en medicina y cirujía y vecino de esta ciudad, representado y dirigido por el Letrado Don José de Diego, en cobro de pesos.

"*Resultando:* que el Letrado Don Pascasio Fajardo, en representación de Doña Rosa Báez, compareció ante este tribunal, interesando en diligencias preparatorias de ejecución, que el Doctor Don Andrés Orsini reconociese las firmas suyas puestas al pie de los documentos que acompañaba, obrantes a folios 1 y 2 de estos autos, en el primero de los que el citado Orisini se obligaba a satisfacer a la promovente la cantidad que en dicho vale reconocía adeudarle Don Osvaldo Báez, tan pronto como se realizase la operación que con dicho señor tenía pendiente, sobre la hacienda 'Teresa' en aquella época; siendo expresivo el segundo de una transacción celebrada entre Don Osvaldo Báez y el Doctor Orsini, en 21 de enero del corriente año, sobre la propia hacienda, cuyas firmas fueron puestas en duda por éste último, que a su vez negó la certeza de la deuda.

"*Resultando:* que en vista de esta negativa el propio letrado dedujo demanda ante este tribunal en juicio declarativo, fundándose en los siguientes hechos: que Osvaldo Báez debía de satisfacer al Doctor Orsini en el año 1900, 2,700 pesos, y teniendo noticias de que su representada había de percibir una cantidad de Doña Isabel Merle, indujo a Báez a que obtuviese de ella en préstamo dicha suma, que convino en facilitarle Doña Rosa Báez con la garantía del Dr. Orsini, conocedora de la operación que este señor tenía pendiente con Báez sobre la hacienda 'Teresa'; que como consecuencia de este convenio el citado Orsini en el pagaré suscrito por Báez se comprometió, no ya a fiarle, si que de una manera expresa se obligó a satisfacer la cantidad prestada, constituyendo una obligación directa con cláusula condicional; que representada la obligación suscrita por Báez y Orsini a su representada a cuya suma de 2,700 pesos, hay que agregarle los intereses, queda perfeccionado el contrato; que el motivo que tuvo Orsini para suscribir dicho documento, era el tener pendiente con Báez la ejecución de la hacienda 'Teresa' a consecuencia de la que había de devolverle una cantidad de dinero y de esta suma era de donde había de extraerse el montante (*) del pagaré suscrito por Orsini y Báez a la demandante y que con el documento privado que se acompaña la número 2 se ve de una manera clara y terminante que la condición de que dependía la exigibilidad del contrato estaba cumplida, suplicando que previo los trámites legales, debe declararse con lugar la demanda con las costas a la parte contraria.

"*Resultando:* que admitida la demanda y conferido traslado a la parte contraria, se personó en su nombre el Letrado Sr. de Diego, contestándola bajo los siguientes hechos: que por escritura de 30 de

enero de 1892, otorgada ante el notario de esta ciudad, Don Santiago R. Palmer, Don Osvaldo Báez por sí y como apoderado de sus legítimos hermanos, hipotecó a favor del Dr. Orsini por 10,000 pesos mejicanos, intereses y costas, la hacienda 'Teresa' sita en Palma Escrita, término municipal de Las Marías, fijándose su vencimiento para el 31 de enero de 1898; que vencida y no satisfecha la obligación, Orsini dedujo demanda ejecutiva, primero ante el extinguido Juzgado de Primera Instancia, y después ante esta corte de distrito que se cursó hasta que por la Orden General de 19 y 31 de enero de 1899, se mandó a paralizar las demandas de esta naturaleza; que se convino entonces entre Orsini y Báez llevar adelante la ejecución bajo las siguientes condiciones: que una vez adjudicada a Orsini la finca hipotecada por $6,727.27, oro americano, a que ascendía el capital e intereses la hipotecaría por esa misma suma, para reintegrarse de su dinero pasando entonces la propiedad de la hacienda 'Teresa' a Báez o a la persona que éste designase, conviniéndose, además, que ínterin Báez recuperase la dicha hacienda, la tendría en arrendamiento por el canon de $807.26 anuales; que esto se convino el 21 de enero de 1900, y 20 días después adeudando Báez a Doña Rosa del propio apellido $2,952.70 que se convino verbalmente a instancia de dichas personas con el Dr. Orsini que éste al realizar el préstamo hipotecario a que se alude anteriormente, lo ampliaría a $2,952.70 más para pagar a Doña Rosa Báez, suscribiéndose bajo estos condiciones el pagaré de autos, siendo éste el único sentido y alcance de la frase 'operación pendiente' que en él se advierte y sobre la que tanto hincapié hace la demandante; que seguido por todos sus trámites el ejecutivo, adjudicóse por auto de 19 de abril y acta de 4 de mayo de 1901 al Dr. Orsini la finca hipotecada en pago de $9,180, oro (*) americano; que adjudicada la finca, Orsini buscó sin encontrar el dinero para realizar el préstamo hipotecario convenido y en estas condiciones después de pasado ocho meses, solicitó la posesión judicial de acuerdo con su deudor, según se ve por el documento número 2 acompañado a la demanda, por el que Orsini cedió a Báez valores por 5,560 pesos sobre el precio de la adjudicación compadecido de la precaria situación de aquél; que por esta circunstancia la hacienda 'Teresa' vino a poder de Orsini por el precio de 14,740 pesos cuando la misma fué adjudicada a Báez y demás hermanos en 1895 por 13,250 pesos mejicanos, en ocasión en que producía 800 quintales de café y que cada quintal valía 25 pesos; y que de todo lo cual se deduce que la condición puesta en la nota que existe en el pagaré ni se

ha cumplido ni puede tampoco cumplirse, solicitando que se declarase sin lugar la demanda con las costas al actor.

"*Resultando:* que citadas las partes a una comparecencia para pruebas, propusieron la de confesión, documental, testifical y de cotejo, cuyas pruebas fueron declaradas pertinentes por auto de dos de agosto último y mandadas a practicar con citación contraria.

"*Resultando:* que entre los documentos acompañados por el demandado, figura un contrato privado suscrito en esta ciudad el 31 de enero de 1900, por Osvaldo Báez y el Dr. Orsini como contratantes en el que entre otras cosas se convino: primero, que el Dr. Orsini una vez dueño de la hacienda 'Teresa' que le estaba hipotecada y cuya hipoteca a la sazón se estaba ejecutando, estaría obligado a venderla a Báez, o a la persona que éste designase, por 6,727 pesos 20 centavos oro americano; segundo, que para hacerse pago de la suma indicada anteriormente Orsini hipotecaría dicha hacienda por la referida cantidad, hipoteca cuyo vencimiento había de ser por lo menos en un plazo de seis años; tercero, que una vez constituída la hipoteca Orsini vendería a la persona que Báez designase la hacienda 'Teresa' tantas veces citada, quedando relevado de toda responsibilidad; cuatro, que en caso de fallecimiento del Dr. Orsini sus herederos vendrían obligados a cumplir este convenio; y, quinto, que todos cuantos gastos se originasen serían de cuenta de Báez, habiéndose asimismo convenido por una (*) cláusula adicional, que Orsini cedería a Báez ínterin éste pudiera recuperar la hacienda 'Teresa', en arrendamiento dicha finca por el canon anual de 807 pesos 26 centavos, oro americano.

"*Resultando:* que el juicio oral del presente litigio se verificó el día 12 del pasado mes de noviembre en cuyo acto, después de practicadas las pruebas, los letrados defensores informaron lo que creyeron pertinente acerca del derecho de sus respectivos patrocinados, procediéndose a la votación de la sentencia el día 24 del propio mes, día señalado al efecto, en que lo fué por unanimidad, constituído el tribunal en audiencia pública.

"*Resultando:* que en la sustanciación de estos autos se han observado las reglas del procedimiento.

"*Visto:* siendo ponente el Sr. Juez Asociado Don Luis Méndez Vaz.

"*Considerando:* que por tratarse en este pleito del cumplimiento de una obligación condicional el punto objeto de la discusión es determinar si con el documento presentado por el actor al folio 2 está cumplida la condición que se consignó por el Dr. Orsini al pie del

documento folio 1, ya que de esta declaratoria ha de arrancar la exigibilidad o nó de la obligación aludida.                                 :

"*Considerando:* que la nota puesta en el documento folio 1 por el demandado dice textualmente: 'tan pronto se realice la operación que tengo pendiente con Don Osvaldo Báez sobre la hacienda "Teresa," me obligo a satisfacer a ·Doña Rosa Báez la suma del vale arriba expresado, Mayagüez, febrero 20 de 1900.  Dr.. Andrés Orsini.'  Desprendiéndose tanto de la letra como del espíritu de la nota transcrita, que la condición de que se hacía depender el cumplimiento de la obligación en ella consignada era una operación que a la época de ponerse dicha nota estaba ya concertada entre el citado Orsini con Don Osvaldo Báez, ya que ni lógica ni gramaticalmente puede darse otra interpretación a las palabras 'operación que tengo pendiente.'

"*Considerando:* que si bien el actor no se ha preocupado poco ni mucho de demostrar cuál fuera la operación pendiente de la que se hacía depender el cumplimiento ·de la obligación que reclama en el presente juicio, el demandado en cambio ha traído el documento privado de folio 41 de estos autos reconocido por los otorgantes y testigos el mismo a que se refiere el Resultando 6º. de esta sentencia, en el que se hace constar la operación celebrada entre el Dr. Orsini y Osvaldo Báez de la cual se hacía depender la obligación consignada (*) en la nota tantas veces aludida, ya que por ser anterior en fecha aquel documento, es indudable que la operación que en él se hacía constar era la única a que se refería la nota puesta en el documento folio 1, con tanta más razón cuanto que el demandante no ha probado la existencia de otra operación a la que pudiera referirse la consabida nota, que fué puesta en el ya citado documento de folio primero en presencia de la demandante, la que mostró su conformidad con ella según confesión hecha en el acto del juicio oral.

"*Considerando:* que la parte actora no ha probado la realización de la operación que Orsini y Báez tenían ·pendiente y de la que se hacía depender la exigibilidad de la obligación que se reclama en el presente juicio, ni siquiera ha probado cuál fuera aquélla, por cuya causa, esta demanda debe ser declarada sin lugar, por cuanto en las obligaciones condicionales la adquisición de los derechos depende del acontecimiento que constituye la condición, con las costas al demandante, cuyas pretensiones han sido totalmente desestimadas.

"*Considerando:* que el documento acompañado al folio 2, suscrito por Orsini y Báez, carece de importancia en este asunto y en nada influye en la decisión del presente litigio, por cuanto en él no se hace

constar que se haya realizado la operación que los citados Orsini y Báez tenían pendiente sobre la hacienda 'Teresa' y a la que se alude en la nota puesta en el documento folio 1, siendo solamente creditivo de una transacción celebrada entre aquellos señores sobre la hacienda 'Teresa.'

"*Considerando:* que incumbe la prueba de las obligaciones al que reclama su cumplimiento en juicio y que *actore non probante, reus est absolvendus.*

"*Vistos* los artículos 1080 siguientes, 1113 y siguientes del Código Civil aplicables al caso y la Orden General No. 118 y demás de aplicación.

"*Fallamos:* que debemos declarar y declaramos sin lugar la presente demanda y en su consecuencia absolvemos de ella a los, digo al, demandado con las costas a la parte actora.

"Así por ésta nuestra sentencia definitivamente juzgando, lo pronunciamos, mandamos y firmamos: Arturo Aponte, J. A. Erwin, Luis Méndez Vaz."

*Resultando:* que contra ésta sentencia se interpuso por la representación de la demandante Doña Rosa Báez recurso de casación por infracción de ley que le fué admitido y que (*) elevados los autos a esta superioridad, con citación y emplazamiento de las partes, y personadas éstas, se dió al recurso la tramitación marcada por la Ley de la Asamblea Legislativa de esta Isla de 12 de marzo de 1903, convirtiendo esta Corte Suprema en tribunal de apelación y se señaló día para la vista, cuyo acto se celebró con asistencia de los abogados defensores de las partes.

Abogado del apelante: *Sres. Pascasio Fajardo y Manuel F. Rossy.*

Abogado del apelado: *Sr. José de Diego.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistas* las disposiciones legales que en la misma se citan.

*Fallamos:* que debemos confirmar y confirmamos la expre-
·sada sentencia con las costas a la parte apelante.

Jueces concurrentes: Sres. Hernández, Figueras y Mac-
Leary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la
vista de este caso.